IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| ME TECHNOLOGY, INC. | ) | Amount Claimed: $97,619.14, plus |
| | ) | prejudgment interest, attorneys' fees |
| Defendant. | ) | and costs |

## VERIFIED COMPLAINT

NOW COMES Plaintiff, HIGHLAND CAPITAL CORPORATION ("HCC") by and through its counsel, and for its Verified Complaint against Defendant ME TECHNOLOGY, INC. ("ME Technology") (the "Defendant"), states as follows:

## PARTIES

1. HCC is a New Jersey corporation with its principal place of business in Township of Washington, New Jersey and is fully authorized to do business in the State of Illinois.

2. ME Technology is a Florida corporation with its principal place of business located at 14320 Ventura Boulevard, Ste 259, Sherman Oaks, CA, 91423.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1), as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because ME Technology executed Commercial Finance Agreement No. xx2993, wherein Defendant consented to be sued in Illinois. *See* Exhibit 1, p.4 ¶ 20. Illinois is the parties' contractual choice of forum. *See Id*.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(3), because Defendant contractually agreed to be sued in Illinois and waived any objection based on improper venue or forum non conveniens, thereby subjecting Defendant to this Court's personal jurisdiction. *See Id.*

## BACKGROUND
### Equipment Finance Agreement

6. On or about June 14, 2022, non-party Engs Commercial Finance Co. ("Engs") as creditor, and ME Technology, as borrower, entered into Commercial Finance Agreement No. xx2993 (the "Agreement") wherein Engs agreed to finance ME Technology's acquisition of one (1) Telesis Pinstamp – F50DSV Laser Marking System (New), Serial No. 87190 (the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. Pursuant to the Agreement, ME Technology agreed to make sixty (60) consecutive monthly payments in the amount of $3,017.00. *See* Exhibit 1, p.1.

8. On October 24, 2022, the Agreement was modified, wherein ME Technology agreed to make two (2) consecutive monthly payments in the amount of $3,017.00 and sixty (60) consecutive monthly payments in the amount of $3,131.36. *See* Agreement Modification, attached hereto as Exhibit 1, p.7.

9. ME Technology executed an Acceptance Certificate for Commercial Finance Agreement confirming that the Equipment was delivered, inspected, fully installed, and operational as of October 29, 2022. A true and correct copy of the Acceptance Certificate is attached hereto as Exhibit 2.

10. Engs was granted a first priority security interest in the Equipment pursuant to the Agreement. *See* Exhibit 1, ¶ 7. To perfect its first priority security interest in the Equipment, Engs filed a UCC-1 Financing Statement against ME Technology and the Equipment on June 15, 2022. A true and correct copy of Eng's UCC-1 Financing Statement is attached hereto as Exhibit 3.

11. On May 22, 2025, Engs and HCC sent notice to ME Technology, informing ME Technology that Engs assigned all of its right, title and interest under the Agreement and the Equipment to HCC. A true and correct copy of the Notice of Assignment is attached hereto as <u>Exhibit 4</u>.

12. ME Technology defaulted under the Agreement by failing to make the payment due March 1, 2025, and all payments due thereafter.

13. Failure to make payments when due is an Event of Default under the Agreement. *See* Exhibit 1, ¶ 15.

14. In the event of default, HCC is entitled to payment of the accelerated balance and all other amounts due under the Agreement discounted at one and one-half percent (1.5%) per annum, repossession of the Equipment, attorney demand costs, costs for repossession, late charges in the amount of ten percent (10%) of each late payment, default interest at the rate of twelve percent (12%) per annum, and attorneys' fees and costs. *See* Exhibit 1, ¶¶ 15 and 16.

15. HCC demanded payment from the Defendant, but the Defendant has failed or refused to make payment.

**COUNT I - BREACH OF CONTRACT**
**<u>AGAINST ME TECHNOLOGY, INC.</u>**

16. HCC repeats and realleges Paragraphs 1 to 15 of its Verified Complaint as though fully set forth herein.

17. HCC has performed all its obligations under the Agreement.

18. ME Technology defaulted under the Agreement by failing to make all necessary payments when due.

19. As a result of ME Technology's default under the Agreement, HCC has suffered actual damages in the amount of $97,619.14, plus prejudgment interest at the rate of twelve percent (12%) per annum, and attorneys' fees and costs.

WHEREFORE, Plaintiff HIGHLAND CAPITAL CORPORATION, respectfully requests that the Court enter judgment in its favor and against Defendant ME TECHNOLOGY, INC. in the amount of $97,619.14, plus prejudgment interest at the rate of twelve percent (12%) per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II – REPLEVIN
## AGAINST ME TECHNOLOGY, INC.

20. HCC repeats and realleges paragraphs 1 through 19 of its Verified Complaint as though fully set forth herein.

21. This Count is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

22. 735 ILCS § 5/19-101 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

23. Pursuant to the Agreement, HCC, assignee of Engs, has a security interest in the Equipment. *See* Exhibit 1 ¶ 7; *see also* Exhibit 3.

24. Due to ME Technology's default under the Agreement, HCC is entitled to the return of and exclusive possession of the Equipment. *See* Exhibit 1, ¶ 15.

25. ME Technology refuses to surrender the Equipment voluntarily.

26. ME Technology is wrongfully and unlawfully detaining the Equipment from HCC, because it is in default under the Agreement, and the Equipment constitutes HCC's collateral.

27. HCC has made demand upon ME Technology for the return of the Equipment, but ME Technology has failed and refused to return same.

28. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against property of HCC, nor seized under any lawful process against the goods and chattels of HCC subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against HCC.

29. Upon information and belief, the Equipment is located 14320 Ventura Boulevard, Ste 259, Sherman Oaks, CA, 91423.

30. HCC estimates the fair market value of the Equipment to be $15,000.00 depending on their condition.

WHEREFORE, Plaintiff HIGHLAND CAPITAL CORPORATION, respectfully requests that this Court enter an Order directing the U.S. Marshal or duly authorized authority to use all necessary force, including the force necessary to break locks, to repossess the Equipment, or any portion thereof, from 14320 Ventura Boulevard, Ste 259, Sherman Oaks, CA, 91423, or wherever they may be found, and enter a judgment against ME TECHNOLOGY, INC. for the value of any portion of the Equipment not so returned, plus attorneys' fees and costs and such other and further relief as this Court deems just.

### COUNT III– DETINUE
### AGAINST ME TECHNOLOGY, INC.

31. HCC re-alleges and re-asserts Paragraphs 1 through 30 of its Verified Complaint as though fully set forth herein.

32. Similar to replevin, a finding for plaintiff in a detinue action is proper where it is established that plaintiff's right to possession is superior to that of defendant. *See Clear Channel Outdoor, LLC v. Karkif I, LLC*, 2024 WL 3791632 (N.D.Ill., 2024); *FirstMerit Bank, N.A. v. Micro*

*Medics Computer*, 2014 WL 4494731 (N.D.Ill., 2014) (citing *L & LC Trucking Co. v. Jack Freeman Trucking Co.*, 36 Ill. App. 3d 186, 188 (1976)).

33. A plaintiff bringing a claim for detinue must allege that the defendant is wrongfully possessing property that belongs to the plaintiff. *Barber v. Ruth*, No. 90 C 6794, 1991 WL 32707, at *1 (N.D.Ill.Mar. 7, 1991). A plaintiff must also allege it has a superior right to possess the property at issue than the defendant. *See Clear Channel Outdoor, LLC v. Karkif I, LLC*, 2024 WL 3791632 (N.D.Ill., 2024).

34. Upon information and belief, based on records of the Florida Secretary of State, Peter Viskovatykh is a registered agent and corporate officer of ME Technology and controls its day-to-day operations. Accordingly, Peter Viskovatykh determines if ME Technology, Inc. will surrender the Equipment.

35. The Equipment is in the possession and control of ME Technology.

36. ME Technology is wrongfully retaining possession of the Equipment, because ME Technology has defaulted under the terms of the Agreement by failing to make timely payment when due, and ME Technology has failed to surrender the Equipment despite HCC's demand.

37. HCC's right to possession of the Equipment is superior to that of ME Technology.

38. Accordingly, HCC is entitled to an order directing ME Technology to turn over the Equipment to HCC by delivering it to a location designated by HCC within fourteen (14) days, or such other reasonable period of time as the Court determines.

WHEREFORE, Plaintiff HIGHLAND CAPITAL CORPORATION, respectfully requests that this Court enter an Order compelling ME TECHNOLOGY, INC. to surrender: one (1) Telesis Pinstamp – F50DSV Laser Marking System (New) serial number 87190, to HCC at a place and time

directed by HCC within fourteen (14) days of this Court's entry of a turnover order and/or judgment, and such other and further relief as this Court deems just.

                                              HIGHLAND CAPITAL CORPORATION

                                              By: /s/ D. Alexander Darcy

                                              D. Alexander Darcy (ARDC #06220515)
                                              444 N. Michigan Ave. Suite 3270
                                              Chicago, IL 60611
                                              (312) 784-2400; (312) 784-2410
                                              adarcy@darcydevassy.com

## **VERIFICATION**

Under penalties of perjury, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

_____
Ross Juliano
Chief Operating Officer
Highland Capital Corporation

9/17/2025
_____
Date